UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVELL CONERLY,

    Petitioner,

v.

Case No. 1:13-cv-617
Hon. Gordon J. Quist

MARY BERGHUIS,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner, Lavell Conerly, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. This matter is now before the Court on respondent's motion to dismiss for failure to exhaust all claims (docket no. 8). Respondent's motion is unopposed.

    **I.**    **Background**

Conerly's convictions arose from the armed robbery of Joseph Williams. The Michigan Court of Appeals summarized the underlying facts as follows:

> In April 2010, Joseph Williams was walking back from the store when defendant stopped in his truck and demanded money. Williams testified that defendant had a gun on his lap with the barrel tipped out of the window. Defendant then reached out and grabbed Williams' money; Williams stated that he had had about $1,200.
>
> Williams called 9–1–1, and police officers arrested defendant at his house. One of the officers testified that he asked defendant for consent to search his house, but defendant refused. Shortly thereafter, the officers obtained a warrant to search defendant's home. The officers found two shotguns and ammunition during the search. They did not find any money in the house and defendant had only $83 on him.

>       While defendant was in a holding cell, a detective went to take photographs of him and the clothing he was wearing. Defendant asked the detective what he was being charged with and the detective stated that he would "take a hit on the guns." Defendant responded, "I know." Defense counsel did not object to the admission of this statement, and the prosecutor referred to this statement in closing argument.
>
>       Months after the trial, Williams purportedly recanted his testimony in a handwritten, unnotarized letter given to defense counsel. In the letter, he stated that he was on medications, which clouded his judgment, and that defendant never stole his money. Defendant filed a motion for a new trial or evidentiary hearing with the trial court, as well as a motion to remand with this Court. This Court denied defendant's motion to remand, for failure to persuade this Court that a remand was necessary. The trial court also denied defendant's motion.

*People v. Conerly*, No. 301804, slip op. at pp. 1-2 (Mich. App. Jan. 24, 2012) (docket no. 20).

A jury convicted petitioner of: armed robbery, M.C.L. § 7050.529; felon in possession of a firearm, M.C.L. § 750.224f; carrying a dangerous weapon with unlawful intent, M.C.L. § 750.226; and three counts of carrying or possessing a firearm during the commission of a felony (felony-firearm), M.C.L. § 750.227b. *Id.* at p. 1. The trial court sentenced petitioner as a habitual offender, fourth offense, M.C.L. § 769.12, to serve concurrent mandatory prison terms of 60 months for each felony firearm conviction. *Id.* In addition, the trial court sentenced petitioner to serve concurrent prison terms of 46 to 180 months for his felon in possession of a firearm conviction, 46 to 180 months for his carrying a dangerous weapon conviction, and 180 to 300 months for his armed robbery conviction, with these sentences to be served consecutively to the terms imposed for the three felony firearm convictions. *Id.*

Petitioner, through his counsel, appealed his convictions to the Michigan Court of Appeals raising four issues:

>   I.   Where after trial complainant goes to the defense lawyer's office and states that his trial testimony was untrue due to prescription medication, an evidentiary hearing of complainant's testimony about

>   these circumstances and a new trial are required.
>
> II. Where there is one primary witness in a robbery case, cross-examination is required as to the cause of that witness being on state disability.
>
> III. Where evidence was admitted at trial of (1) defendant's refusal to consent to a search of his home; and (2) the judicial imprimatur authorizing the search warrant, the evidence was irrelevant, improper and prejudicial, a new trial is required.
>
> IV. Defense counsel's failure to make proper objections and [sic] record was constitutionally ineffective assistance of counsel.

Petitioner's Brief (docket no. 20).

Petitioner also filed a *pro se* supplemental brief that raised three additional claims (in his words):

> V. Was it reversible error violating the defendant's constitutional right to have due process of law during closing arguments to introduce his inculpatory statement made to police, where defendant's statement was obtained without the benefit of Miranda warnings and in violation of his right against self-incrimination?
>
> VI. Was defendant denied his state and federal constitutional right to have the assistance of counsel, where trial counsel failed to object during the prosecutor's [closing argument] to the introduction of the defendant's inculpatory statement made to police, as the statement was obtained without the benefit of Miranda warnings and in violation of his right against self-incrimination?
>
> VII. Was the defendant denied his state and federal constitutional right to have the assistance of counsel for his defense where trial counsel failed to call at least eleven exculpatory witnesses to corroborate the defendant's central defense, as the entire trial was a credibility contest?

Petitioner's Supplemental Brief (docket no. 20). The Michigan Court of Appeals affirmed the convictions. *Conerly*, No. 301804.

Petitioner filed a *pro se* application for leave to appeal to the Michigan Supreme Court, on a non-standardized form. Petitioner raised the following "Questions Presented" (in his words):

I. Is defendant entitled to a new trial or at the very least an evidentiary hearing, where the trial court abused its discretion violating his state and federal constitutional right to have due process, by denying his motion for a new trial based on newly discovered evidence of complainant Joseph Williams recanted testimony?

II. Was defendant's state and federal constitutional right to have due process violated, where the prosecutor erroneously admitted his inculpatory statement to police that was obtained without the benefit of any Miranda warnings and in violation of his right against self-incrimination?

III. Was defendant denied his state and federal constitutional right to have the effective assistance of counsel, where his trial counsel failed to call at least eleven exculpatory witnesses to corroborate his central defense and where counsel failed to object to several highly prejudicial errors during defendant's trial?

Petitioner's Application for leave at p. iv (docket no. 21).

Petitioner also included three issues and three sub-issues in the "argument" section of the application for leave to appeal (in his words):

IV. Defendant was denied his state and federal constitutional right to have due process of law where the trial court abused it's discretion in denying defendant's motion for a new trial based on newly discovered evidence of complainant Joseph Williams recanted testimony, therefore at the very least he is entitled to an evidentiary hearing on the matter.

V. Defendant's state and federal constitutional right to have due process was violated, where the prosecutor erroneously admitted his inculpatory statement to police that was obtained without the benefit of any Miranda warnings and in violation of his right against self-incrimination.

    VI.    Defendant was denied his state and federal constitutional right to have the effective assistance of counsel, where his trial counsel failed to object to several highly prejudicial errors during defendant's trial and where counsel failed to call at least eleven exculpatory witnesses to corroborate his central defense, especially where the entire trial was a credibility contest.

        A.    Trial counsel's failure to object to the admission of defendant's inculpatory statement obtained in violation of <u>Miranda</u> did not constitute sound trial strategy, as had Counsel made a timely objection, properly preserving the issue for appellate review, there is a reasonable probability the result of the proceeding would have been different.

        B.    Trial counsel's failure to object to the admission of defendant's refusal to consent to search did not constitute sound trial strategy, as had Counsel made a timely objection there is reasonably probability the result of the proceeding would have been different.

        C.    Trial counsel's failure to call at least eleven favorable witnesses, whose cumulative testimony corroborated defendant's defense, did not constitute sound trial strategy especially where the trial was a credibility contest, and had it not been for Counsel's error there is a reasonable probability the result of the proceeding would have been different.

Petitioner's Application for leave at p. i (docket no. 20). The Michigan Supreme Court denied the application. People v. Conerly, No. 144800 (Mich. June 25, 2012) (docket no. 21). Petitioner did not filed a post conviction motion for relief from judgment pursuant to MCR 6.500 *et seq*.

    Conerly's *pro se* amended habeas petition raised eight claims (in his words):

    I.    Where after trial complainant goes to the defense lawyer office and states that his trial testimony was untrue due to prescription medication, is an evidentiary hearing of complainants testimony about these circumstances & a new trial required.

    II.    Where there is one primary witness in a robbery case, is

>    cross-examination required as to the cause of that witness being on state disability.
>
> III. Where evidence was admitted at trial of (1) defendants refusal to consent to a search of his home, and (2) the judicial imprimatur authorizing the search warrant, the evidence was irrelevant, improper and prejudicial, is a new trial required.
>
> IV. Was defense counsel's failure to make proper objections and record constitutionally ineffective assistance of counsel.
>
> V. Defendant was denied his state and federal constitutional right to have due process of law, where the trial court abused it's discretion in denying defendants motion for a new trial based on newly discovered evidence of complainant Joseph Williams recanted testimony, as defendants entire trial was premised on complainants testimony, therefore, at the very least, he is entitled to an evidentiary hearing on the matter.
>
> VI. Defendant states and federal constitutional right to have due process of law was violated where the prosecutor erroneously admitted his inculpatory statement to the police that was obtained without the benefit of any Miranda warnings and in violation of his right against self-incrimination.
>
> VII. Defendant was denied his state and federal constitution right to have the effective assistance of counsel, where his trial counsel failed to call at least eleven exculpatory witnesses and, where counsel failed to corroborate his central defense, especially where his entire trial was a credibility contest.
>
> VIII. Was the defendant denied his state and federal constitutional right to have the assistance of counsel for his defense where trial counsel failed to call at least eleven exculpatory witnesses to corroborate the defendants central defense, as the entire trial was a credibility contest.

Amended Petition (docket no. 3).[1]

---

[1] Conerly's habeas claims are spread throughout the amended petition: Issue I appears on p.2; Issue II appears on p. 4; Issue III appears on p. 6 at "Ground One"; Issue IV appears on p. 7 as "Ground Two"; and, Issues V, VI, VII and VIII appear in an attachment to the amended petition. *See* Amended Petition at pp. 2, 4, 6-7; Statement of Questions Presented (docket no. 3 at p. 15).

## II. Exhaustion of state court remedies

Respondent has moved to dismiss the amended petition because Conerly failed to exhaust his state court remedies as to Issues II and III. The Court agrees. Conerly seeks relief under 28 U.S.C. §2254 which provides that a federal district judge "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, petitioner has failed to exhaust Issues II and III because he did not present these claims to the Michigan Supreme Court. In order to properly exhaust a claim in the Michigan courts, a prisoner must fairly present his habeas issues in both the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley*, 902 F.2d at 483; *Winegar v. Department of Corrections*, 435 F.

Supp. 285, 289 (W.D. Mich. 1977). Unless a habeas petitioner presents the legal and factual substance of every claim to "all levels of state court review," he may not maintain a habeas corpus petition. *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987). Petitioner has at least one available procedure to raise these arguments in state court by filing a motion for relief from judgment pursuant MCR 6.500 *et. seq*. Under Michigan law, he may file one such motion with the state trial court. *See* MCR 6.502(G)(1).

As a general rule, a habeas petition containing unexhausted claims should be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982). However, this Court has the discretion to employ a "stay and abeyance" procedure, in which the Court stays a habeas petition to allow the petitioner to present his unexhausted claims to the state court, and then return to federal court. *See Poindexter v. Mitchell*, 454 F.3d 564, 570 n. 2 (6th Cir. 2006). A district court may employ the "stay and abeyance" procedure when the petitioner has filed a "mixed petition," i.e., a petition raising both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 268, 277 (2005). The Supreme Court has cautioned that federal courts should utilize the stay and abeyance procedure in limited circumstances. *Id*. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

In this case, petitioner has neither responded to the motion to dismiss nor requested a stay of these proceedings. Under these circumstances, petitioner has not demonstrated good cause for his failure to exhaust his claims in state court. The undersigned finds no reason to apply the stay and abeyance procedure *sua sponte.* Nevertheless, "if a petitioner presents a district court with a

mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278.

### III. Recommendation

I respectfully recommend that respondent's motion to dismiss (docket no. 8) be **GRANTED** and that petitioner's habeas petition be dismissed without prejudice.

I further recommend that petitioner be allowed to file a second amended petition within 30 days of the dismissal to delete the unexhausted claims set forth in Issues II and III of his amended petition. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Entered: 06/30/2014                 /s/ Hugh W. Brenneman, Jr.
                                    Hugh W. Brenneman, Jr.
                                    U.S. Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).