UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVELL CONERLY,

    Petitioner,

v.                                            Case No. 1:13-CV-617

MARY BERGHUIS,                     HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Petitioner, Lavell Conerly, filed a habeas corpus action under 28 U.S.C. § 2254. On December 11, 2017, Magistrate Judge Ray Kent issued a Report and Recommendation (R & R), finding that Conerly's arguments are meritless or not cognizable and, accordingly, recommended that the petition be denied. (ECF No. 41.) Conerly filed an objection on January 2, 2018. (ECF No. 42.) Conerly states that he "wish[es] to preserve all the presented issues but" only wanted to address his *Miranda* argument in the objection. (*Id.* at PageID.755.) Pursuant to Federal Rule of Civil Procedure 72(b), a petitioner "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a petitioner objects. Conerly's broad statement that he "wish[es] to preserve all the presented issues" is not specific enough for purposes of these rules, and any objection beyond his *Miranda* objections are therefore deemed waived.

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Conerly's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The Michigan Court of Appeals rejected Conerly's *Miranda* argument because the statement was not made in response to a custodial interrogation, and the record did not indicate that the detective was trying to elicit an incriminating response or that he was trying to question Conerly. *People v. Conerly*, No. 301804, 2012 WL 205831, *4–5 (Mich. Ct. App. Jan 24, 2012). The R & R agreed and the magistrate judge found that the *Miranda* argument was meritless. Conley fails to show otherwise in his objection. The Court will therefore adopt the R & R.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Conerly has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Conerly's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Conerly claims was debatable or wrong. Therefore, the Court will deny Conerly a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December11, 2017, (ECF No. 41) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objection, filed January 2, 2018, (ECF No. 42) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED**.

Dated: March 12, 2018                                   /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE